IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MASONRY INDUSTRY TRUST
ADMINISTRATION, INC.,

                Plaintiff,

    v.

CHRIS LEE MASONRY, INC., et al,

                Defendants.

No. 3:14-cv-01570-HZ

OPINION & ORDER

Bradley L. Middleton
Bradley L. Middleton, P.C.
6950 SW Hampton St., Ste. 250
Tigard, OR 97223

        Attorney for Plaintiff

HERNÁNDEZ, District Judge:

        Plaintiff Masonry Industry Trust Administration, Inc., is the administrative agent for the

Masonry Industry Funds, a group of multi-employer trust funds for unionized workers in the

masonry and bricklaying industry. Plaintiff brought this action against Defendants Chris Less

Masonry, Inc. and Chris H. Lee, individually, (collectively "Defendants") for failing to make mandatory contributions to the funds as required by a collective bargaining agreement. After Defendant failed to appear, Plaintiff moved for a clerk's entry of default, which the clerk granted in February of 2016.

Plaintiff now moves for entry of default judgment against Defendant. Plaintiff's motion is granted.

STANDARDS

After entering an order of default, the district court has discretion to issue a default judgment. See FED. R. CIV. P. 55; DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 852 (9th Cir. 2007). The court has "considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987) (per curiam) (footnote omitted).  In exercising its discretion, the court may consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citation omitted); see also Cascade Pension Trust v. JB Techs., Inc., No. 1:12-CV-34-PA, 2013 WL 357766, at *1 (D. Or. Jan. 29, 2013).

The court may take the complaint's well-pleaded factual allegations as true, other than the amount of damages. Id. at 917–18 (citation omitted); DIRECTV, 503 F.3d at 854 (citations omitted). On the other hand, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." DIRECTV, 503 F.3d at 854 (quotation omitted); see also Cascade

Pension Trust v. Bob Fisher Elec., Inc., No. 6:14-CV-01920-MC, 2015 WL 1802217, at *2 (D. Or. Apr. 20, 2015).

DISCUSSION

**I. Default Judgment**

Based on the clerk's entry of default in this case, the Court accepts the well-pleaded allegations in Plaintiff's complaint as true, except those relating to damages. See ECF 30; TeleVideo, 826 F.2d at 917–18. Defendants were parties to two written collective bargaining agreements.[1] The agreements required Defendants to make contributions to the funds managed by Plaintiff on behalf of Defendants' employees who performed work covered by the agreements. Complaint ¶ 7, ECF 1.

Under 29 U.S.C. § 1145, an employer that is required to contribute to an employee benefit plan must comply with the governing collective bargaining agreement. Plaintiff submitted reports and affidavits showing that Defendants failed to make contributions as required by the agreements; therefore, Plaintiff states a valid ERISA claim. Horn Decl. Ex. 6, ECF 34-6; Ex. 7, ECF 34-7; see also Bob Fisher, 2015 WL 1802217 at *2. Plaintiff will be prejudiced if the Court does not enter a judgment in its favor because it would be left without an avenue to collect the delinquent contributions. JB Techs., 2013 WL 357766 at *1 (explaining that "[f]or a multi-employer trust fund [such as Plaintiff] to recover delinquent contributions from an employer, "(1) the employer must be delinquent at the time the action is filed; (2) the

---

[1] The agreements provide for both corporate and individual liability for the individual who signs the agreement on behalf of the corporation. Horn Decl. Ex. 3 at 1, ECF 34-4; Ex. 4 at 2, ECF 34-4. Chris Lee signed both agreements on behalf of Chris Lee Masonry, Inc. Ex. 3 at 2; Ex. 4 at 3. Thus, both defendants are liable here. Employee Painters' Trust v. J & B Finishes, 77 F.3d 1188, 1192 (9th Cir. 1996) (holding that a company president was personally liable for breaches of a collective bargaining agreement he signed that included a similar individual liability provision).

district court must enter a judgment against the employer; and (3) the plan must provide for such an award.") (citation omitted).

As for the other relevant Eitel factors, the amount of money at stake here is appropriate considering the number of workers the Defendants employed and the number of months Defendants failed to make contributions. There is little possibility for any dispute over the material facts here because Plaintiff relies primarily on Defendants' own financial reporting to show the delinquent amounts. Accordingly, the Court finds that the entry of default judgment is appropriate in this case.

## II. Damages

Plaintiffs must prove the amount of damages they seek in this action. Bob Fisher, 2015 WL 1802217 at *3. In an action to collect delinquent contributions under 29 U.S.C. § 1145, the ERISA statute requires that the court award:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of-
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1145(g)(2). "Such an award is mandatory if: (1) the employer is delinquent at the time the action is filed; (2) the district court had entered a judgment against the employer; and (3) the plan . . . provide[s] for such an award." Bob Fisher, 2015 WL 1802217 at *3 (citing Nw. Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 257 (9th Cir. 1996).

### a.  Unpaid Contributions

Plaintiff submitted affidavits and reports showing that Defendants failed to pay $54,096.19 in contributions to the funds between September 2013 and May 2014. Horn Decl., Exs. 6–7, ECF 34-6, 34-7. Defendants were required under the agreements to file monthly reports showing the number of hours worked by all covered employees. Horn Decl. ¶ 17. Plaintiff submitted copies of Defendants' reports for the months of September 2013 through May 2014. Horn Decl. ¶ 18. Defendants submitted the reports but never paid the amounts due. Horn Decl. ¶ 18. Plaintiff's auditors examined the reports and prepared an additional report summarizing the amounts Defendants owe and how those amount are allocated between the various funds. Horn Decl. Ex. 7. After examining both sets of reports, the Court finds that the evidence shows Defendants owe $54,096.16 in unpaid contributions for the period of September 2013 to May 2014.

### b.  Interest on Unpaid Contributions

The statute here provides that "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). The agreements provide for interest at eighteen percent per year for most of the funds, except that the interest rate for the International Pension fund is fifteen percent per year. Hon Decl. ¶ 13, Ex. 1 at 5, 13, 23, 31.

Plaintiff claims that one group of funds (referred to in Plaintiff's briefing as the "Ancillary Funds") is subject to the Oregon statutory interest rate of nine percent. Pl. Memo at 11. Plaintiff did not cite to an included exhibit where the Court could examine the contract language, nor could the Court find a copy of the Ancillary Fund contract in the exhibits. Without any contract language for guidance, the Court turns to section 6621 to determine the appropriate

OPINION & ORDER - 5

rate. Section 6621sets the rate that the Internal Revenue Service charges taxpayers who underpay

taxes. 26 U.S.C. § 6621. The underpayment rate from September 2013 to May 2014 was three

percent.[2]

   Accordingly, the Court awards Plaintiff interest on Defendants' unpaid contributions as

follows:

- Ancillary Funds (3%):  (.03) x ($6,224.23) / 365 = $.51/day

- International Pension Funds (15%): (.15) x ($1,682.51) / 365 = $.69/day

- All Other Funds (18%): (.18) x ($46,189.27) / 365 = $22.77/ day

- Total Daily Interest Rate = $23.97

See Horn Decl. Ex. 7 at 3.

### c.  Liquidated Damages

   Liquidated damages only apply "when (1) the fiduciary obtains a judgment in favor of the

plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated

damages." Bob Fisher, 2015 WL 1802217 at *3 (quoting Idaho Plumbers & Pipefitters Health

and Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir.1989) (emphasis

omitted). In this case, all the disputed funds remain unpaid. The agreements provide for

liquidated damages of ten percent for the majority of the funds and twenty percent for the

International Pension Fund; however, the agreements do not provide liquidated damages for the

so-called Ancillary Funds. Horn Decl. ¶¶ 14, Ex. 7. Having examined the agreements and

Plaintiff's reports, the Court adopts Plaintiff's liquidated damages calculation and awards

$4,955.42. Horn Decl. Ex. 7.

//

---

[2] Rev. Rul. 2016-06, 2016-14 I.R.B. 519 (2016), available at 2016 WL 1273374.

**d. Attorney's Fees & Costs**

Plaintiff indicated that it will seek an award of attorney's fees and costs, but will submit an attorney fee application and cost bill pursuant to Federal Rule of Civil Procedure 54 at a later date. Pl. Mot. at 11. Accordingly, the Court does not award any attorney fees or costs at this time.

ORDER

For the reasons stated, Plaintiff's motion for default judgment [32] is GRANTED. Plaintiff shall submit a proposed judgment consistent with this order within fourteen days of the date below.

Dated this _____ 14 _____ day of _____ June _____, 2016.

MARCO A. HERNÁNDEZ
United States District Judge

OPINION & ORDER - 7